IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PEGGY A. STRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0567-CV-W-RED |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Peggy A. Strong ("Strong") seeks judicial review of the Commissioner's denial of her request for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*. Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

### II. Standard of Review

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or

is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Strong identifies two points of error in the ALJ's finding of no disability. First, Strong argues the ALJ failed to properly assess her credibility. Further, Strong argues the ALJ erroneously relied upon the testimony of the vocational expert in reaching his conclusion regarding Strong's residual functional capacity.

#### A. Assessing Claimant's Credibility

Strong first argues the ALJ erred in not crediting her subjective complaints. Strong highlights several errors the ALJ allegedly made in discounting her subjective complaints: (1) the ALJ erroneously concluded Strong exaggerated her medical condition, (2) the ALJ incorrectly accepted Dr. West's conclusion that there was no clinical correlation for Strong's back pain, (3) the ALJ incorrectly focused on the amount of Vicodin medication Strong was

taking, (4) the ALJ failed to consider the *Polaski* factors, (5) the ALJ failed to consider Strong's work history, and (6) the ALJ failed to consider the testimony of Strong's witnesses.

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). When making a disability determination, the ALJ may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them; however, the ALJ may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1994). Subjective complaints may be discredited only if there are inconsistencies in the record as a whole. *Id.*

Strong first claims the ALJ erroneously concluded that she exaggerated her medical condition based mainly on the ALJ's own personal observations of Strong entering and leaving the hearing room. While a claimant's subjective testimony may not be accepted or rejected solely on the basis of personal observations on the part of the ALJ, *id.*, an ALJ may properly consider his personal observations when making credibility determinations. *Johnson v. Afpel*, 240 F.3d 1145, 1147-48 (8th Cir. 2001) (citing *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir. 1993)). Here, the ALJ did not rely solely on his personal observations in making his credibility determinations; he relied on several other factors to be discussed herein. Therefore, it was not

-4-

Case 4:05-cv-00567-RED   Document 13   Filed 08/30/06   Page 4 of 8

improper for the ALJ to consider personal observations in discounting Strong's credibility.

Strong next argues that the ALJ discredited her subjective complaints because he had incorrectly relied on the testimony of Dr. West, the medical expert, that there was no clinical correlation for her back pain. Strong points to the conclusions of Dr. Kelly, the consultative examiner, as evidence Dr. West's evaluation was incorrect. The ALJ, however, rejected the opinion of Dr. Kelly as unreliable due to being based largely on Strong's subjective complaints.

It should be noted that the opinion of a consulting physician does not generally constitute substantial evidence. *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) (citing *Metz v. Shalala*, 49 F.3d 374, 378 (8th Cir. 1995)). In this case, the ALJ credited Dr. West's conclusion that there was "no objective medical basis for any significant functional limitations." (Tr. 15.) In light of the inconsistencies between Dr. West's testimony and Dr. Kelly's examination, the ALJ did not err in accepting Dr. West's testimony and rejecting Dr. Kelly's conclusions.

Strong further argues the ALJ incorrectly focused on the amount of Vicodin medication she was taking. This argument is inconsistent with Strong's claim that the ALJ failed to consider the *Polaski* factors. One of the *Polaski* factors to be considered is in fact "the dosage, effectiveness, and side effects of medication." Here, the ALJ was specifically considering this factor when he concluded that the inconsistencies between Strong's own testimony regarding her Vicodin intake and the evidence of the single Vicodin prescription indicated Strong was exaggerating her medical condition. Thus, it was not improper for the ALJ to consider Strong's Vicodin usage.

Furthermore, the ALJ did address the *Polaski* factors in reaching his decision. The ALJ specifically outlined what was required of him in a credibility assessment (Tr. 14), and he

documented Strong's medical history, her daily activities, and the testimony of Strong's witnesses and the medical and vocational experts before reaching his conclusion on the issue of credibility. There is no indication that the ALJ did not take these factors into consideration when making his credibility determination.

Strong next argues the ALJ erred in not considering her work history. According to Strong, her earnings record demonstrates "that she was at [sic] perhaps motivated to work." (Pl.'s Br. 20.) While a "claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability," *Nunn v. Heckler*, 732 F.2d 645, 648 (8th Cir. 1984) (quoting *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983)), Strong's work record does not appear to rise to the level of a good work record. Strong's earnings record indicates little to no earnings in the years 1980 through 1989, and her employment record from 1990 through 2001 does include some gaps. Therefore, the Court cannot say the ALJ erred in not entitling Strong to substantial credibility based on her work record.

Finally, Strong claims the ALJ had failed to consider the testimony of her witnesses. The Court disagrees. "When an ALJ fails to believe lay testimony about a claimant's allegations of pain, he should discuss the testimony specifically and make explicit credibility determinations." *Prince v. Bowen*, 894 F.2d 283, 286 (8th Cir.1990) (citing *Smith v. Heckler*, 735 F.2d 312, 317 (8th Cir. 1984)). Here, the ALJ did specifically mention and summarize the testimony of each of the lay witnesses before questioning the reliability of the testimony. The ALJ did not err in his consideration of the lay witness testimony.

The Court concludes there is substantial evidence to support the ALJ's assessment of Strong's credibility.

B.  Vocational Expert Testimony

Strong argues the ALJ erroneously relied upon the responses of the vocational expert to an incomplete hypothetical question.  Specifically, Strong argues the ALJ did not pose a hypothetical question to the vocational expert that included Strong's testimony regarding her fatigue or the conclusions of the consultative examiner, Dr. Kelly.

A hypothetical question may be based upon those limitations which are found to be credible and based on substantial evidence.  *Pertuis v. Apfel*, 152 F.2d 1006, 1007 (8th Cir. 1998).  Here, as discussed above, the ALJ had discredited both Strong's testimony and Dr. Kelly's opinion.  Therefore, it was unnecessary for the ALJ to craft a hypothetical question to include limitations based on Strong's testimony or Dr. Kelly's consultative examination.[2]

Moreover, the ALJ did in fact consider Dr. Kelly's opinion in reaching his conclusion regarding Strong's residual functional capacity.  At the end of the opinion, the ALJ considered Dr. Kelly's examination and still concluded Strong would be able to do sedentary work as cited by the vocational expert.  Thus, the hypothetical question posed to the vocational expert was proper and the ALJ's conclusions regarding Strong's ability to perform her past relevant work or other work is supported by substantial evidence on the record as a whole.

**IV. Conclusion**

---

[2] Strong points to Dr. Kelly's note of "alternates with reclined rest" as suggesting the need for a hypothetical including such a limitation.  This is incorrect.  Even if the ALJ had not discredited the opinion of Dr. Kelly as discussed above, it should be noted that Dr. Kelly's comment, "alternates with reclined rest," was made in reference to how Strong currently compensates for back pain during periods of sitting and standing; there is nothing in Dr. Kelly's examination that suggests reclined rest is recommended or required.  Furthermore, it is important to note that the consultative exam occurred *after* the hearing; the ALJ could not have possibly included limitations from Dr. Kelly's examination in the hypothetical posed to the vocational expert at the hearing.

-7-

Case 4:05-cv-00567-RED   Document 13   Filed 08/30/06   Page 7 of 8

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

**IT IS SO ORDERED**.

DATE: August 30, 2006      /s/ Richard E. Dorr
　　　　　　　　　　　　　　　RICHARD E. DORR, JUDGE
　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT